## William H. Johnson

### *v.*

## Louisa J. Johnson.

1. Husband and wife—*suit by one against the other.* As between husband and wife, in order to the maintenance of a suit by the one against the other for a recovery as to personal property, the evidence should show, by

facts proved, that the property is brought clearly within the operation of the Married Woman's Act of 1861.

2. The supposition of the parties, or their general statement, of the property being or having been the separate property of the wife, is not sufficient proof of the fact to maintain a suit in relation thereto between the husband and wife. In such case, the facts should be stated from which it would appear whether or not the property is the separate property of the wife within the act of 1861, and not the conclusion of the witnesses from the facts.

Appeal from the Circuit Court of Fayette county; the Hon. H. M. Vandeveer, Judge, presiding.

Mr. E. M. Ashcraft, for the appellant.

Messrs. Henry & Fouke, for the appellee.

Mr. Justice Sheldon delivered the opinion of the Court:

This was an action of replevin, by husband against wife, for the recovery of a horse, originally commenced before a justice of the peace, and taken by appeal to the circuit court, where, upon trial of the cause, the court gave this instruction to the jury:

"The court instructs the jury, for the defendant, that if they believe, from the evidence, that the plaintiff is the husband of the defendant, that then the law is, that a husband can not sue his wife in a suit at law, and you will find for the defendant."

In accordance wherewith, the jury found for the defendant, and there was judgment accordingly.

The giving of this instruction is assigned as error.

As applicable to the facts of the case, we regard the instruction as correct. The question was as to the ownership of the horse. The plaintiff testified that he purchased the same from defendant; that it was foaled by a mare which was, at the time of foaling, the separate property of the defendant. This was the chief and strongest testimony in the case, going to show that the wife was ever the owner of the horse, the rest of it being of the same general character. Such testimony fails to show that the horse or mare was the sole and separate property of the wife within the statute of 1861, in relation to married

women. The statement of the witness was but his conclusion from facts, which might have been a mistaken one. The mare might have been acquired by the wife from the husband during coverture, in which case, by the express provision of the statute, the animal would not have been the sole and separate property of the wife; and yet both parties might have supposed it to be such. Facts should have been stated, from which it might appear whether or not the mare was the sole and separate property of the wife within the act of 1861.

As between husband and wife, in order to the maintenance of a suit by the one against the other for a recovery as to personal property, the evidence should show, by facts proven, that the property is brought clearly within the operation of the Married Woman's Act of 1861. We can not accept, in such case, the supposition of the parties, or their general statement, of the property being or having been the separate property of the wife, as sufficient proof of that fact. The presumption is, that the property, during the coverture, is that of the husband. The proof, in the present case, we do not regard as sufficient to overcome this presumption, and show the property to have ever been subject to the operation of the act of 1861.

It follows, then, that the relations of the parties, with respect to the property in controversy, are, for aught that appears from the evidence, as at common law, and are to be so regarded. The rule of the common law is, that the effect of marriage is to deprive the wife of all separate legal existence, her husband and herself being in law but one person. 1 Blackst. Com. 442; 1 Chit. Pl. 31. The bringing of such a suit as this does violence to this principle. It supposes the separate legal existence of the parties. This is a suit, in legal contemplation, with but one party to it, or of a party against himself. It is an answer to an action that a party is legally interested in each side of the question. A party can not be both plaintiff and defendant in an action. 1 Chit. Pl. 46. The common law rule, in respect of its application to such a case as the one in hand, has not been changed by any statutory enactment.

The judgment is affirmed.                    *Judgment affirmed.*

Mr. CHIEF JUSTICE WALKER: I do not concur in the reasoning of the court in this case, or the rule announced, since the adoption of what is known as the Married Woman's Law. I hold that the parties are distinct persons in all cases where their separate property is involved.